389 P.2d 463

The STATE INSURANCE FUND, and Steel Erection & Rigging Company, Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah, and Jeanette T. Dahle, widow of William E. Dahle, deceased, Defendants.

No. 9967.

Supreme Court of Utah.

Feb. 27, 1964.

Charles Welch, Jr., Salt Lake City, for plaintiffs.

A. Pratt Kesler, Atty. Gen., Frankland J. Kennard, Elias L. Day, Salt Lake City, for defendants.

McDONOUGH, Justice.

This is a proceeding on a writ to review an order of the Industrial Commission of Utah.

The case was originally heard before the Commission on January 14, 1963, and a further hearing was held on March 20, 1963. The plaintiffs seek a review of the Commission's order, finding and conclusion that the death of William E. Dahle was a result of an accident of March 23, 1961, and of the Commission's order denying the plaintiff's application for a rehearing.

On March 23, 1961, deceased, while an employee of plaintiff Steel Erection and Rigging Company, was injured when a scaffold on which he was working broke, causing him to fall, striking his right ankle and head on a concrete pier. The initial attending physician, Dr. Silas S. Smith, diagnosed the injuries as follows: (1) contusion right chest and back severe; (2) fracture 10th rib right; (3) sprain back lumbar area. Thereafter, because deceased was suffering from headaches he was seen by Dr. J. Louis Schricker, Jr., a neurosurgeon, and on the 4th of May, 1961, bilateral drill openings were performed and evacuation of subdural hematomas bilaterally carried out. A further examination by Dr. Smith, on June 24, 1961, revealed that the decedent had swollen ankles, ascites and other symptoms of cardiac decompensation coupled with difficulty in coordinating his movements and his mental processes, and that his speech was slurred. Dr. Smith concluded that the decedent was not able to return to work and that his disability would continue, being permanent and total.

On August 7, 1961, decedent was examined by Dr. L. E. Viko at the request of the plaintiff, State Insurance Fund. The decedent had a pre-existing cardiac condition but Dr. Viko reported that if the heart was the only thing to be considered, it would be possible that decedent could return to supervisory work of the nature he had done before. On two later examinations (August 29 and October 11) Dr. Schricker reported

that the decedent was totally and permanently disabled.

The State Insurance Fund initially assumed liability for the fall and compensation was paid until June 30, 1961, when it was felt by the Fund that the condition of the decedent was no longer connected with the accident so the payments were terminated.

Decedent filed an Employee's Application for Hearing to Settle Industrial Accident Claim on October 20, 1961, and because of the medical questions involved the State Insurance Fund denied liability on November 20, 1961. The Industrial Commission by an order dated November 27, 1961, referred the medical aspects of the claim to a medical panel for investigation. Decedent died on December 30, 1961, before the panel could submit its report, and an autopsy was performed the same day. On March 30, 1962, the medical panel submitted its report to the Industrial Commission, wherein they concluded that upon the evidence before them they were not able to establish the cause of decedent's neurologic disease and therefore could not *affirm* or *deny* a relation to the accident of such neurologic disease.

On September 25, 1962, Jeanette T. Dahle, decedent's widow, filed a Dependent's Application for Hearing to Settle Industrial Accident Claim and the State Insurance Fund again denied liability. Hearings on the application were held on January 14, 1963, and March 20, 1963, after which the Industrial Commission found in favor of the applicant, and on July 3, 1963, denied the application for rehearing filed by the plaintiff State Insurance Fund.

It is contended by plaintiffs that the medical aspects of the claim as testified to at the hearings on January 14 and March 20 should be referred to the medical panel for its further consideration. It is apparent from the particular facts of this case that the Industrial Commission, after hearing the medical testimony presented at the last two hearings, felt that such testimony was merely cumulative to the evidence available to the medical panel when they submitted their report. Therefore, it appearing that the Commission considered resubmission of the matter to the panel to be an idle and expensive gesture, the Commission entered an order in favor of the applicant. As a matter of law we cannot say that the Commission's decision was arbitrary or capricious. Therefore, it is affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.